**LAW OFFICE OF STEPHAN R. WATTENBERG**
STEPHAN R. WATTENBERG, SB #183914
1074 EAST AVENUE, SUITE C
CHICO, CALIFORNIA 95926
Telephone: (530) 342-8930
Facsimile: (530) 342-5625

**JUSTICE AT WORK LAW GROUP LLP**
TOMAS E. MARGAIN, Bar No. 193555
  Tomas@JAWLawGroup.com
1550 The Alameda, Suite 302
San Jose, California 95126
Telephone: (408) 317-1100

Attorneys for Plaintiffs
 Chad Coates, Joshua B. Lusk
 Joshua C. Hicks, and Jordan C. Verece

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD COATES, JOSHUA B. LUSK, JOSHUA C. HICKS, JORDAN C. VERECE<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PINES COMMU ITY SERVICES DISTRICT, RON SHERER, RYAN SHERER.<br><br>Defendant | Case No.:<br><br>**COMPLAINT WITH JURY TRIAL DEMAND FOR**<br><br>Federal FLSA Claim:<br>1. Failure to pay overtime wage: 29 U.S.C. §§ 207, 216(b), and 255(a);<br><br> California State Claims:<br>2. Failure to Pay Overtime Wages<br>3. Failure to Pay State Minimum Wages with penalty.<br>4.  Failure to Pay Wages.<br>5.  Failure to Pay Timely Wages Labor Code § 203<br>6.  Failure to Provide Accurate California Itemized Employee Wage Statements Labor Code § 226.<br>7.  Failure to Reimburse Expenses Labor Code §2802 and<br>8.  Restitution For Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) |

1

**FLSA COMPLAINT**

## NATURE OF CLAIM

1. Plaintiffs, Chad Coates, Joshua B. Lusk, Joshua C. Hicks, Jordan C. Verece, bring these claims for unpaid wages, unpaid overtime wages, interest, equitable and injunctive relief, penalties for work related expenses and attorneys' fees and costs arising out of the failure to pay overtime wages as required by the Fair Labor Standards Act and California law. The Plaintiffs seek compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b).

2. Under pendant State Law claims, Plaintiffs bring claims for waiting time penalties under California Labor Code § 203 and penalties for wage stub violations under California Labor Code § 226, unreimbursed expenses under Labor Code § 2802, attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b). Plaintiffs also seek restitution, equitable and injunctive relief in the interest of the general public under California's Unfair Trade Practices Act, California Business and Professions Code § 17203, including an extension of the statute of limitations for the underlying unfair, unlawful or fraudulent conduct to four years.

3. The claims of Plaintiffs can be summarized as follows:

(a)  <u>Earned But Unpaid Federal Overtime (FLSA) and California Daily Overtime (California Labor Code §510)</u>:

Defendants' employees, including Plaintiffs, who worked as firefighters and service district employees were paid a monthly salary based upon their classification as firefighters, equipment operator, or fire Captain. Plaintiffs were in fact not overtime exempt pursuant to any wage order. Plaintiffs regularly worked three (3) to four (4) twenty-four (24) hour shifts per week but were not paid the overtime rates required by the FLSA or California Law, which is specified as controlling in the California Pines Community Service District (CPCSD) Employee Handbook. Throughout the respective FLSA and Labor Code statute of limitations, Plaintiffs suffered overtime underpayments based on Defendant's payment structure. Plaintiffs will

disclose the categories and amounts as part of initial and supplemental disclosures based on documents produced and discovery and investigation conducted.

 (b) <u>Earned But Unpaid California Wage (at agreed rate)</u>: Labor Code § § 1194, 1197

Plaintiffs were paid on a salary basis that was, and is, non-compliant with the FLSA and the California Labor Code. As a result, Plaintiffs were only paid for the first eight (8) hours of a twenty-four (24) hour shift.

 (c) <u>Reimbursement of Work Related Expenses</u>: Plaintiffs paid for and/or were uncompensated for training that was essential to their job functions and required for continued employment.

 (d) <u>Federal and State Penalties</u>: Plaintiffs seek penalties for the above conduct under the FLSA as liquidated damages, penalties for improper wage stubs, and, for former workers waiting time penalties as pled herein for failure to pay all wages due upon termination.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district.

5. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

6. At all times relevant, the California Pines CSD, Ron Sherer, and Ryan Sherer were employers or managing agents as defined by California Labor Code § 558.1.

7. At all times relevant, California Pines CSD is an employer as defined by the FLSA.

8. Plaintiffs hereby give their attorneys express consent to opt-in to the litigation and by the filing of this complaint affirmatively opt-in to the Fair Labor Standards Act Cause of Action.

## DEFENDANTS

9. Defendant CPCSD is a California Community Service District as established under Cal. Govt. Code § 61000 et seq and was at all times mentioned the employer of Plaintiffs.

10. Defendants Ron Sherer and Ryan Sherer are the General Manager and Assistant General Manager of Cal Pines CSD and managing agents as defined by California Labor Code § 558.1.

## GENERAL SUBSTANTIVE ALLEGATIONS

11. DEFENDANTS employed Plaintiffs at all relevant times within the statute of limitations in this action as firefighter and service district utility workers. Plaintiffs were paid a fixed rate salary despite the fact that they were not overtime exempt according to any Wage Order. They were paid this fixed rate salary irrespective of how many hours they worked in a particular pay period. Plaintiffs' actual hourly wage was less than the Federal or California minimum wage.

12. Plaintiffs and others similarly situated workers were paid various amounts depending on the category of labor and on whether the employee was contracted to a State or Federal fire incident. The individual Plaintiffs were paid as follows:

13.

| Name | Monthly | Hourly | Contract Incident | Overtime | Fringe | Regular Rate |
|------|---------|--------|-------------------|----------|--------|--------------|
| Hicks | $2,000.00 | $12.50 | $25.50 | 0 | $250.00 | $14.06 |
| Coates | $2,300.00 | $14.38 | $28.50 | 0 | $250.00 | $15.93 |
| Lusk | $2,452.00 | $15.33 | $28.50 | 0 | $250.00 | $16.88 |
| Verece | $2,200.00 | $13.75 | $25.50 | 0 | $250.00 | $15.30 |

14. Defendants' designation of Plaintiffs as overtime exempt salaried employees was inaccurate and ineffective because;

   a) Each Plaintiff had a designated hourly rate which corresponds to their "salary" divided by forty (40) hours.

   b) Each Plaintiff had a designated hourly rate for work on contracted fires.

   c) Plaintiff Lusk had a specified overtime rate.

   d) Each Plaintiff accumulated vacation and sick time at specified rate of pay,

   e) The California Pines CSD employee handbook states that regular pay, non-exempt employees may earn overtime "on the terms defined by California Law."

   f) Plaintiffs work does not fall under the executive, administrative or professional exceptions to the Industrial Welfare Commission Wage Orders.  Plaintiffs were not paid two times the minimum wage and did not supervise other employees.

All of the above are incompatible with classification as an exempt or a salaried employee.

15. Because the Plaintiffs do not fit the definition of a salaried employee at Sec. 1 of any California Wage Order, the CPCSD salary is applied to the standard, regular work week, which corresponds to the agreed rate of pay.  As a result, the Plaintiffs remain unpaid for all hours worked in excess of 40 hours per week or 8 hours per day.

16. Plaintiffs were required to work three (3) to four (4) at least twenty four hours (24) shifts per week, a total not less than of seventy two (72) hours with thirty two (32) hours of that work unpaid.  Plaintiffs received no pay at overtime rates.

17. Despite the fact that Plaintiffs were misclassified as salaried, exempt employees, the itemized payroll statements they received did not accurately state the total number of hours worked, the accurate rate of pay or the accurate amount earned as required by California Labor Code § 226.

18. Plaintiffs were required to attend training as a condition of their employment but were not paid for the time spent attending that training when it fell outside of their regularly scheduled twenty four (24) hour shift.

# COUNT ONE
# FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
<u>29 U.S.C. §§ 207, 216(b), and 255(a)</u>
*Failure to Pay Overtime Wages and Minimum Wages*

19. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-17 as if fully stated herein.

20. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*.

21. DEFENDANTS are engaged in commerce or in the production of goods or services for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

22. DEFENDANTS routinely required and/or suffered or permitted Plaintiffs to work more than 40 hours per week, and routinely without paying them any overtime premium for hours worked in excess of 40 hours per week or paying them at the agreed upon rate for time in excess of 40 hours per week.

23. In failing to pay Plaintiffs for all hours worked or for overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS willfully violated the FLSA.

24. As a direct and proximate result of CPCSD Defendant's failure to pay proper wages under the FLSA, Plaintiffs suffered unpaid wages and incurred general damages in the form of lost overtime wages and regular pay in an amount to be proved at trial.

25. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs their proper wages, and thus Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a three year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

26. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

27. By filing this complaint and being named in the Complaint, Plaintiffs CHAD COATES, JOSHUA B. LUSK, JOSHUA C. HICKS, JORDAN C. VERECE give their consent to and affirmatively opt-in to this litigation as the term is defied by the Fair Labor Standards Act.

**COUNT TWO**
**PENDENT STATE CLAIM**
*Violation of California Labor Code §§ 510 & 1194*
*Failure to Pay Overtime and Minimum Wage*

28. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

29. At all times mentioned herein, Plaintiffs were employed by CPCSD on a noncompliant and unlawful salary basis.

30. Pursuant to Labor Code §510, all employees, including Plaintiffs shall be paid one and one-half of their regular rate of pay for their work in excess of 8 hours a day and two times their regular rate of pay for work in excess of twelve (12) hours a day.

31. Plaintiffs are informed and believe and based thereon contend that Plaintiffs were paid less than the required one and one-half times their regular rate of pay for the hours worked in excess of 8 hours a day or two times their regular rate of pay for hours in excess of twelve (12) hours per day as required by California Labor Code § 510.

32. Plaintiffs therefore contend that by failing and refusing to comply with the statutory duty to pay Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of 8 hours or two times their regular rate of pay for hours in excess of twelve (12) hours per day, CPCSD violated their right under California Labor Code § 510 and 1194.

33.     Pursuant to Labor Code § 1194, Plaintiffs seek as earned but unpaid overtime compensation for hours worked in excess of 8 hours and 12 hours a day.  Under substantive California law, said overtime wages due and owing are 1.5 or 2.0 the regular rate determined by taking weekly wages and dividing by the number of hours in the regular, standard work week (40).  Plaintiffs are then entitled to the overtime rate that they were not paid.  Plaintiffs are also entitled to and therefore request an award of pre-judgment interest on the unpaid wages set forth herein.

34.     Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

## COUNT THREE
## PENDANT STATE CLAIM
*Violation of California Labor Code §§ 11945 and 1194.2*
*Failure to Pay Minimum Wages or at the Agreed Upon Rate*

35.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-34 as if fully stated herein.

36.     At all times mentioned herein, Plaintiffs were employed by CPCSD on a non-compliant and unlawful salary basis.

37.     Plaintiffs therefore contend that DEFENDANT failed and refused to comply with the statutory duty to pay Plaintiffs at their agreed upon and regular wage rate for each work hour under California Labor Code § 1194.

38.     Under its minimum wage obligations, California does not recognize "minimum wage averaging" or averaging all hours worked to see is the amount divided by the gross wages meets minimum wage compliance.  Each segregated work activity must be paid at least at minimum wage, regular rate or agreed upon rate.   Moreover, by operation of law as

Plaintiffs were unpaid for all hours worked in excess of forty (40) hours per week, these excess hours must be paid at Plaintiffs' regular or agreed rate.

39. Under the minimum wage violation claim, separate and apart from the overtime claim, Plaintiffs seek payment of two times the unpaid wage for compensable time worked not paid by the salary compensation method including those activities pled above. Plaintiffs seek a penalty under Labor Code § 1194.2 equal to the unpaid minimum wage amount.

40. Plaintiffs have incurred, and will continued to incur attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the court pursuant to California Labor Code § 1194.

**COUNT FOUR**
**PENDANT STATE CLAIM**
*California Labor Code Section 226*
*Wage Stubs and Record Keeping*

41. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-40 as if fully stated herein.

42. At all times relevant hereto, DEFENDANTS were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, and the name and address of the employer.

43. DEFENDANTS knowingly and intentionally failed to provide Plaintiff, with accurate, itemized wage statements in compliance with Labor Code §226. Such failures in DEFENDANTS' itemized wage statements including, among other things, not accurately showing hourly rate of pay, hours worked of the rate for overtime hours worked and amount of overtime pay, in each pay period and/or incorrectly reporting gross wages earned.

44. As a direct result of DEFENDANTS' failure, Plaintiff, were injured and entitled to recover an amount to be proved at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for the initial violation and $100.00 for each subsequent violation up to $4,000.00.

45. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this action.

### COUNT FIVE
### PENDANT STATE CLAIM
*California Labor Code Section 203*
*Waiting Time Penalties*

46. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated herein.

47. At the time Plaintiffs' employment with Defendants was terminated, DEFENDANTS owed Plaintiffs certain unpaid wages and overtime as previously alleged, and such wages owed each Plaintiff were ascertainable at the time of termination.

48. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

49. As of this date, DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such defendants liable to Plaintiffs, for penalties equal to thirty (30) days wages.

### COUNT SIX
### Labor Code § 2802
*Failure to Reimburse Business Expenses*

50. Plaintiffs re-allege and incorporate the preceding paragraphs 1-49 as if fully stated herein.

51. During the course of Plaintiffs' employment with Defendants, they incurred expenses related to maintaining the minimum required level of training necessary as firefighters. DEFENDANTS did not indemnify Plaintiffs for these expenses or for the time spent at training if it was outside their regular twenty four (24) hour shift.

52. Plaintiffs seek an award of reasonable expenses incurred while employed by Defendants.

## COUNT SEVEN
## PENDENT STATE CLAIM
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

53. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-52 as if fully stated herein.

54. At all times relevant herein, Plaintiffs' employment with DEFENDANTS was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain overtime for work performed in excess of 40 hours per week or 8 hours per day unless specifically exempted by the law, and also required Plaintiffs to be paid for all hours worked.

55. At all times relevant herein, the employer of Plaintiffs, DEFENDANTS were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs certain regular and overtime pay as required by applicable state and federal laws to all of which Plaintiffs were legally entitled, with DEFENDANTS keeping to themselves the amount which should have been paid to Plaintiffs, including Opt-In Consenters and other putative class members.

56. In doing so, DEFENDANTS violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable

California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving them a competitive advantage over other employers and businesses with whom DEFENDANTS were in competition and who were in compliance with the law.

57. As a direct and proximate result of DEFENDANTS' violations and failure to pay the required minimum regular wages and overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs, incurred general damages in the form of unpaid wages in amount to be proved at trial.

58. DEFENDANTS have been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs' regular and overtime pay.

59. Plaintiffs, having been illegally deprived of the overtime pay herein seek restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For compensatory damages for all overtime wages earned and not paid and the failure to pay overtime compensation due and liquidated damages equal to unpaid overtime under FLSA in the amount to be proved at trial;

2. For a finding that Defendants acted willfully as the term is used in the FLSA such that the statute of limitations is extended to three years and liquidated damages are imposed;

3. For all overtime earned but unpaid under California Labor Code § 510 and § 1194;

4. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid minimum wage under California Labor Code §§ 1194(a);

5. For "waiting-time" penalties under California Labor Code §203.

6. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

7. For costs of suit herein;

8. For an extension of the statute of limitations under Business and Professions Code §17200, et seq. to four years for earned but unpaid wages as restitution and other actionable relief;

9. For actual damages or a statutory penalty for non-compliant wage stubs; and

10. For such other and further relief as the Court may deem appropriate.

Dated: June 2, 2020

                          By:   /s/ Tomas E. Margain
                                  Tomas E. Margain
                                  Attorney for Plaintiffs

Dated: June 2, 2020

                          By:   /s/ Stephan R. Wattenberg
                                  Law Office of Stephan R, Wattenberg
                                  Attorneys for Plaintiffs

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by Jury.

Dated: June 2, 2020

                          By:   /s/ Tomas E. Margain
                                  Tomas E. Margain
                                  Attorney for Plaintiffs